# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| TONY LAMAR LINDSEY | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2150-S |
| | § | |
| COUNTY OF DALLAS, et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Dallas County, Sheriff Marian Brown, and Officer Stefan Ross's Motion to Dismiss [ECF No. 8]. For the following reasons, the Court grants the Motion.

### I.  BACKGROUND

Plaintiff Tony Lamar Lindsey ("Plaintiff") alleges that on May 2, 2018, he and three other inmates were sitting at a lunch table at the Dallas County Jail. Compl. ¶ 21. Plaintiff and the other inmates allegedly attempted to alert Detention Service Officers, including Defendant Stefan Ross ("Ross"), that an inmate in a separate area appeared to be in mental and physical distress. *Id.* ¶ 22. In response, Ross and the Detention Service Officers approached Plaintiff and the other complaining inmates, and aggressively yelled at the inmates to "rack up." *Id.* ¶ 24. Plaintiff alleges that Ross began to "physically escort the inmates back to their respective personal cells, while continuing to scream and push the inmates in an overly aggressive manner." *Id.* ¶ 25. Plaintiff asked Ross why he was being "unnecessarily aggressive and disrespectful." *Id.* ¶ 26. Ross verbally confronted Plaintiff, and Plaintiff responded by stating, "you heard me," followed by a disparaging racial remark. *Id.* ¶ 28. Thereafter, Ross allegedly slammed Plaintiff to the ground, placed both hands around his neck, and strangled him until he lost consciousness. *Id.* ¶¶ 30-31. Simultaneously, Ross slammed the right side of Plaintiff's head against a concrete wall and metal door jamb. *Id.* ¶ 32. As a result, Plaintiff sustained a massive scalp laceration. *Id.* ¶ 34.

According to the Complaint, Defendant Sheriff Marian Brown ("Brown") and Ross were in charge of supervising inmates and providing medical services in accordance with the approved health service plan in place at that time. *Id.* ¶ 36. Within one hour, it was determined that Plaintiff required medical attention beyond that which the Dallas County Jail personnel could provide. *Id.* ¶ 38. Plaintiff was transported to Parkland hospital, where he received five medical staples to his head in order to close the scalp laceration. *Id.* ¶ 39. Plaintiff alleges that from the time of the injury through the application of the medical staples, Plaintiff was not provided any medicine to alleviate the pain. *Id.* ¶ 40.

In the days and weeks following the injury, Plaintiff complained to Dallas County employees, including Ross, of severe and debilitating head pain. *Id.* ¶ 41. Despite those complaints, he was denied medication, medical care, and evaluation. *Id.* ¶ 42. Plaintiff ultimately developed an infection at the laceration site, and he alleges he was not provided any medication or medical treatment to address the infection. *Id.* ¶ 43. The medical staples in Lindsey's head were never removed; rather, they came out as a result of Lindsey removing them and/or falling out on their own. *Id.* ¶ 44.

## II.     PROCEDURAL HISTORY

On June 18, 2018, Plaintiff brought suit against, among others, the Dallas County Jail Sheriff's Department and the Dallas County Sheriff's Department Security Officer Ross, in his official and individual capacities, under 42 U.S.C. § 1983. *See Lindsey v. Dall. Cty. Jail Sheriff's Dep't*, Civ. A. No. 3:18-CV-1588-M-BH, 2018 WL 7081979, at *1 (N.D. Tex. Dec. 31, 2018) ("*Lindsey I*"). In that complaint, Plaintiff, who was proceeding pro se, alleged nearly identical facts to the case at hand, including, but not limited to, allegations that on May 2, 2018, Ross slammed Plaintiff's head against a concrete wall and metal door, causing a scalp laceration that required medical staples. *See id.* at 4. Upon reviewing that complaint, United States Magistrate

Judge Irma Ramirez construed the claims against Ross in his official capacity to be "claims against his government employer, Dallas County . . . ." *Id.* at *2 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Ultimately, Judge Ramirez recommended dismissal with prejudice of "all claims against all defendants, except for the claim against Officer Ross in his individual capacity for the use of excessive force." *Lindsey*, 2018 WL 7081979, at *4. Chief Judge Barbara M.G. Lynn accepted that recommendation on January 22, 2019. *See Lindsey v. Dall. Cty. Jail Sheriff's Dep't*, Civ. A. No. 3:18-CV-1588-M, 2019 WL 277710, at *1 (N.D. Tex. Jan. 22, 2019). Subsequently, Plaintiff and Ross entered into a stipulation of dismissal without prejudice, and, pursuant to court order, the Clerk's Office terminated the action. *See* Order at 1-2, *Lindsey v. Dall. Cty. Jail Sheriff's Dep't*, Civ. A. No. 3:18-CV-1588-M-BH, 2018 WL 7081979, at *1 (N.D. Tex. Dec. 31, 2018), ECF No. 61.

Plaintiff filed the present action on September 11, 2019, bringing five counts: (1) an excessive force claim against Ross; (2) a denial of medical care clam against Ross; (3) a deliberately indifferent municipal custom or policy claim against Dallas County and Brown; (4) claim for violation of Article I Section 13 of the Texas Constitution against all Defendants; and (5) a negligence claim against Dallas County. On October 10, 2019, Defendants filed their motion to dismiss Counts III, IV, and V pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which is now fully briefed and pending before the Court.

### III. ANALYSIS

#### A. *Claim Preclusion as to Dallas County*

Defendants argue Counts III, IV, and V against Defendant Dallas County ("Dallas County") are barred because this case arises from the same incident Plaintiff alleged in *Lindsey I*. *See* Mot. 6. Claim preclusion bars a party from asserting causes of action that "either have been litigated or should have been raised in an earlier suit." *Duffie v. United States*, 600 F.3d 362, 372

3

(5th Cir. 2010) (internal quotation marks omitted) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). The elements of claim preclusion are as follows:

> (1) [T]he parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*Id.* (citation omitted). Each of those elements is addressed, in turn, below.

### (1) *Identical Parties or Privity with Identical Parties*

It is undisputed that Plaintiff was a party in *Lindsey I*. Thus, the only issue as to the first element is whether Dallas County, which was not a party in *Lindsey I*, *see Lindsey*, 2018 WL 7081979, is in privity with Ross in his official capacity. *See* Mot. 6. The Court finds that it is. "'[A] city official sued in his official capacity is generally in privity with the municipality.'" *Harmon v. Dallas Cty*, 927 F.3d 884, 891 (5th Cir. 2019) (quoting *Conner v. Reinhard*, 847 F.2d 384, 394-95 (7th Cir. 1988)). In *Harmon*, the Fifth Circuit held that a prior final judgment on the merits against Dallas County barred any official-capacity claims against one of the defendants, reasoning that "[a]n official-capacity claim . . . is essentially a claim against the County." *Id.* (citation omitted).

The same principle applies here. In *Lindsey I*, Plaintiff sued Ross in his official capacity. *See Lindsey*, 2018 WL 7081979, at *1. Judge Ramirez construed those claims to be claims against Ross's employer—Dallas County. *See id.* at *2; *see also Olidbas v. Dodson*, 593 F. App'x 412, 413 n.1 (5th Cir. 2015) ("[I]t is well-settled that claims against a municipal officer in his official capacity are claims against the county."). Because "official-capacity claims and . . . claims against [a] governmental entity essentially merge," *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000), Dallas County and Ross in his official capacity are in privity, and the first element is met.

4

### (2) *Court of Competent Jurisdiction*

With respect to the second element, *Lindsey I* was partially dismissed by the United States District Court for the Northern District of Texas. *See Lindsey*, 2019 WL 277710, at *1. It is undisputed that the district court was a court of competent jurisdiction. Accordingly, this element is satisfied.

### (3) *Prior Final Judgment*

In *Lindsey I*, the district court dismissed with prejudice Plaintiff's claims against Ross in his official capacity pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *Lindsey*, 2018 WL 7081979, at *4. "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes." *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (citation omitted). Therefore, the third element is met.[1]

### (4) *Same Claims or Causes of Action*

Defendants contend that the claims asserted against Dallas County in the current suit arise from "a substantially similar incident" as those in *Lindsey I*. *See* Mot. 2-3. "To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Crear v. U.S. Bank, N.A.*, Civ. A. No. 3:16-cv-1570-L, 2017 WL 3267925, at *6 (N.D. Tex. June 13, 2017) (alteration in original) (internal quotation marks omitted) (citation omitted). "Under this test, the 'inquiry focuses on whether the two cases under consideration are based on the same nucleus of operative facts.'" *Id.* (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)). This test is satisfied here. Both

---

[1] Plaintiff's argument that claim preclusion should not apply because Plaintiff was a pro se litigant in *Lindsey I* is unpersuasive. *See* Resp. 5. Plaintiff's pro se status does not alter the fact that his claims against Ross in his official capacity were dismissed with prejudice in *Lindsey I*. *See Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014) ("While we construe pro se complaints liberally—and are not unsympathetic to the difficulty pro se plaintiffs encounter in navigating the Federal Rules of Civil Procedure—pro se plaintiffs are not exempt from the rules of [claim preclusion].").

*Lindsey I* and the current case arise out of an alleged incident on May 2, 2018, where Ross slammed Plaintiff's head against a concrete wall and metal door, causing a scalp laceration that required medical staples. *Compare* Compl. ¶¶ 21-33, *with Lindsey*, 2018 WL 7081979, at *1. Because all the elements of claim preclusion are satisfied, all Plaintiff's claims against Dallas County are barred and should be dismissed with prejudice.[2] The remainder of this Opinion, therefore, addresses only Brown and Ross.

### B. *Claims against Remaining Defendants*

#### (1) *Count III (Brown)*

In Count III of the Complaint, Plaintiff brings a claim against Brown in her supervisory capacity for violation of 42 U.S.C. § 1983 – Deliberately Indifferent Municipal Custom or Policy in Violation of the Eighth and Fourteenth Amendments. *See* Compl. ¶¶ 77-93. A supervisor is liable under section 1983 if: "'(1) [s]he affirmatively participates in the acts that cause the constitutional deprivation, or (2) [s]he implements unconstitutional policies that causally result in the constitutional injury.'" *Romero v. Brown*, 937 F.3d 514, 523 (5th Cir. 2019) (alterations in original) (quoting *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404 (5th Cir. 2008)). Here, Plaintiff does not contend that Brown had any personal involvement with the events

---

[2] Alternatively, Count III against Dallas County should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. To hold a governmental entity liable under that statute, a plaintiff must, among other things, plead the existence of an official government policy that caused the loss of constitutional rights and any resulting harm. *See Piotrowski v. City of Houston.*, 237 F.3d 567, 578 (5th Cir. 2001). Here, Plaintiff does not adequately plead a policy; rather, he points to only an isolated incident in which guards allegedly subjected him to unconstitutional treatment, which is insufficient. *See, e.g., Mohamed ex rel. A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 618 (N.D. Tex. 2017) (finding a § 1983 claim insufficiently pleaded where the plaintiff failed to identify any official policy that allegedly caused the underly constitutional violation, and explaining that "the court is left with an isolated, allegedly unconstitutional incident, which is generally insufficient to establish an official policy or custom for section 1983 purposes"). While Plaintiff alleges a policy of failure to train and discipline employees, *see* Compl. ¶¶ 88-92, the Complaint is deficient because Plaintiff provided "no factual allegations about the content of . . . training or how thorough or cursory it may have been." *Speck v. Wiginton*, 606 F. App'x 733, 736 (5th Cir. 2015) (per curiam).

at issue. Instead, Plaintiff argues that Brown unconstitutionally failed to train and discipline her employees. *See* Compl. ¶¶ 88-92.

To succeed on a failure to train claim, a plaintiff must show that "'(1) the supervisor either failed to supervise or train the subordinate official; (3) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Gates*, 537 F.3d at 435 (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). Plaintiff has not sufficiently pleaded any of the elements of this claim. Plaintiff alleges in a conclusory fashion that Brown "fail[ed] to properly train and/or supervise [her] employees, agents, and/or representatives in the techniques of providing medical assistance to inmates and in the techniques of recognizing and/or addressing serious injuries that an inmate may have at the Dallas County Jail." Compl. ¶ 88. Plaintiff similarly alleges that Brown was "deliberately indifferent to the protected rights of Plaintiff," *id.* ¶ 90, and her acts and/or omissions were "the actual and proximate causes of Plaintiff's . . . scalp laceration and resulting scar." *Id.* ¶ 92.

Plaintiff, however, has not pleaded *how* the training or supervision was defective. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) ("[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective."). Plaintiff does not point to a specific training program or identify what training or supervision should have occurred to prevent the allegedly unconstitutional actions of Ross. *See Speck v. Wiginton*, No. 14–10955, 2015 WL 1195829, at *2 (5th Cir. Mar. 17, 2015) (holding that dismissal of a failure to train claim is proper when plaintiff alleges no facts about what training the city provided or failed to provide).

Even if Plaintiff had identified such a solution, the claim would still fail because Plaintiff makes no allegations of deliberate indifference. According to the Fifth Circuit:

> The deliberate indifference standard is extremely high. It requires a plaintiff to show that "1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur."

*Hartzog v. Hackett*, 711 F. App'x 235, 235-36 (5th Cir. 2018) (per curiam) (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 458-59 (5th Cir. 2001)). Plaintiff pleads no facts that suggest that Brown knew, or even should have known, that the training or supervision provided to employees was deficient, that she drew the necessary inferences, or or that she subjectively intended for the harm to occur. Rather, Plaintiff merely makes a threadbare recitation of the elements a failure to train violation. *See* Compl. ¶¶ 88-92. Even viewing the Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiff has not adequately pleaded that Brown failed to supervise a subordinate official. The Court, therefore, dismisses Plaintiff's 42 U.S.C. § 1983 claim against Brown for failure to train.

### (2) *Count IV (Brown and Ross)*

Defendants argue Count IV—claims for violations of Article I, Section 13 of the Texas Constitution—should be dismissed because Plaintiff may not recover monetary damages for alleged violations of the Texas Constitution. *See* Mot. 18. Plaintiff, however, did not respond to that argument. *See* Resp. to Mot. to Dismiss ("Resp."). The Court, therefore, deems Count IV abandoned, and need not reach the merits of Defendants' contention. *See United States ex rel. Emerson Park v. Legacy Heart Care, LLC*, 2019 WL 4450371, at *12 (N.D. Tex. Sept. 17, 2019) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)). Count IV, which is brought against all Defendants, is therefore dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Motion and dismisses Counts III, IV, and V of the Complaint. The Court grants Plaintiff's request for leave to amend except with regard to his claims against Dallas County. The Court finds that repleading those claims would be futile and thus dismisses them with prejudice. *See Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012) ("Denial of leave to amend may be warranted for . . . futility of a proposed amendment." (citation omitted)); *see also Price v. U.S. Bank, N.A.*, Civ. A. No. 3:14-CV-3554-N-BK, 2015 WL 1505695, at *3 (N.D. Tex. Mar. 30, 2015) (dismissing with prejudice claims barred by claim preclusion). Plaintiff must file an amended complaint no later than March 5, 2020.

**SO ORDERED.**

SIGNED February 4, 2020.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**